IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER THIRTEEN
:
SUSAN H. D. KEULER, : BANKRUPTCY NO.: 5-05-bk-59048
:
DEBTOR :

# **OPINION**

Debtor, Susan Keuler, has filed an Objection to the proof of claim of the Monroe County Tax Claim Bureau (Claimant). The Claimant asserts a secured claim of $9,633.87 with regard to an undeveloped lot in Price Township, Monroe County, Pennsylvania. The real estate property taxes included in the claim have accrued from 1990 to 2005.

The operative facts do not appear to be in dispute and the parties have submitted the claims litigation to me, without hearing and on briefs. (Doc.# 100.)

While the amount in controversy is not large, the legal issues are somewhat unusual. It involves the impact of intervening bankruptcies on the secured status of the claim in question. On July 24, 1992, Jacob Keuler, then owner of the property at issue, filed for Chapter 11 in this District to Case No. 5-92-01337. That bankruptcy continued until June 4, 1997. During that filing, on August 28, 1995, Astrid Keuler, a purported owner of the property, filed Chapter 7 bankruptcy to Case No.5-95-01349. That case was consolidated with Jacob's case and, thus, terminated also on June 4, 1997. In addition to both these bankruptcies and prior to the pending matter, Jacob Keuler again filed for relief on October 7, 1997 and that case was closed on January 28, 2002. That case was docketed to 5-97-02964.

The Debtor argues that the Keuler bankruptcies prevented the real estate tax assessments from becoming liens during the pendency of the bankruptcies, and, thus, the

Claimant is only partially secured.

The undisputed facts set forth in the party's brief indicate that the 1992 bankruptcy was terminated on June 4, 1997. The 1995 bankruptcy was terminated on June 4, 1997. The parties agree that taxes assessed prior to July 24, 1992 are, in fact, liens and thus secured. (Debtor's Brief at 4, Doc. #107.)

As an aside, in an effort not to delay the liquidation of the parcel, the parties have agreed to escrow sufficient proceeds of the sale of the property to secure the Claimant, should the Court rule in its favor. (Doc. #248.)

The Claimant raise defenses, several of which are well taken.

The Claimant argues that the Bankruptcy Reform Act of 1994, enacted October 22, 1994, added 11 U.S.C. § 362(b)(18) to the Bankruptcy Code and specifically excepted the assessment of property taxes from the automatic stay. I find this to be a valid argument. The Amendment, though, is only applicable to cases filed after the date of enactment. Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 702, 108 Stat. 4106, 4107 (1994). That Amendment renders irrelevant the two 1997 bankruptcy filings. It would also allow me to conclude that taxes accruing after Jacob's initial filing was terminated, are valid liens.

Turning my attention to those taxes accruing during the Jacob Keuler filing of 1992, I find that approximately half of the claim accrued during that bankruptcy. There is compelling Third Circuit Court of Appeals authority that taxes assessed against property of the estate during a pre-Amendment bankruptcy filing are, at best, unsecured administrative obligations since the automatic stay would prevent attachment of such assessment to property of the estate. *Makoroff v. City of Lockport*, 916 F.2d 890, 896 (3d

2

Case 5:05-bk-59048-JJT    Doc 253    Filed 05/14/08    Entered 05/14/08 10:24:51    Desc
Main Document      Page 2 of 4

Cir.1990).

The Claimant argues that, even if the assessment of a lien was stayed during the bankruptcy, they would attach contemporaneous with the bankruptcy termination. That argument is interesting, but appears contrary to our Circuit Court's position that violations of the automatic stay are void, not voidable. *In re Myers*, 491 F.3d 120, 127 (3d Cir.2007). Violations of the automatic stay are not validated by the dismissal of the bankruptcy. *Willman v. Pollard (In re Willman)*, 192 B.R. 207, 210 (Bankr.D.Ariz.1996). While case law is sparse on this issue, similar arguments have been raised by other creditors, e.g., the Internal Revenue Service and mortgagees; *United States v. Sanderfer (In re Sanderfer)*, No. 02-17845, 1:03-cv-369, 2004 WL 370768 at 6 (E.D.Tenn., Jan.6, 2004); *In re Camacho,* 311 B.R. 186, 195 (Bkrtcy.E.D.Mich.,2004); *In re Prine*, 222 B.R. 610, 612-13 (Bankr.N.D.Iowa 1997); *In re Ullrich*, 186 B.R. 747, 749 (Bankr.M.D.Fla.1995).

The *Ullrich* court focused on the language of 11 U.S.C. § 349(b) which addresses the impact of a dismissal on liens, etc. More specifically, the statute provides that property revests "in the entity in which such property was vested immediately before the commencement of the case." In *Ullrich*, the IRS filed a Notice of Federal Tax Lien in violation of the stay and argued that it became effective on dismissal of the case. Relying on its circuit authority, the court said a "void" lien cannot be validated. Section 349(b) speaks of reinstating "avoided" transfers, not "voided" transfers. Additionally, restoring the property to its status as of the commencement of the case under § 349(b)(3) would mean restoring the property free of the voided tax lien.

Contrast the *Ullrich* case with *In re Sanderfer, supra,* from the Sixth Circuit,

3

Case 5:05-bk-59048-JJT   Doc 253   Filed 05/14/08   Entered 05/14/08 10:24:51   Desc
Main Document    Page 3 of 4

where violations of the stay were voidable, not void. Under similar facts, the outcome in *Sanderfer* was different because violations of the automatic stay were held to be "merely voidable."

Since our Third Circuit authority has concluded that violations of the stay are void, the reasoning of *Ullrich* appears more applicable to the facts before me.

It should be noted that a 1994 Amendment to the Bankruptcy Code (11 U.S.C. § 362(b)(9)) has addressed the issue of the attachment of tax liens to property revested in the debtor. This Amendment, however, is not applicable to the 1992 Keuler case.

I conclude, therefore, that the Objection to the Proof of Claim of the Monroe County Tax Claim Bureau should be partially sustained and partially overruled. Those taxes arising during the first Jacob Keuler bankruptcy are, at best, unsecured administrative claims against Jacob Keuler. The remaining taxes are secured and are allowed as such.

An Order will follow.

Date:   May 14, 2008

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*